UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

MAXINE KING,

                                       Plaintiff,

          -against-

THE CITY OF NEW YORK, POLICE OFFICER
ROBERT MORALES (tax # 940485), POLICE OFFICER
MICHAEL SCARANO (tax # 944988), LIEUTENANT
ADRIAN SANCHEZ (tax # 910912), POLICE OFFICER
DEMETRIO DEGREGORIO, POLICE OFFICER
YVONNE VIZCARRONDO,

                                       Defendants.

------------------------------------------------------------------------ x

**COMPLAINT**

13 CV 6215 (SAS)

<u>Jury Trial Demanded</u>

## PRELIMINARY STATEMENT

1. Plaintiff brings this action against the City of New York and several New York City Police Officers alleging that defendants violated her rights under 42 U.S.C. § 1983, the First, Fourth and Sixth Amendments to the United States Constitution and New York state law by falsely arresting her, using unreasonable force on her, denying her a fair trial, maliciously prosecuting her and violating her right to free speech. Plaintiff seeks compensatory and punitive damages, attorney's fees and costs and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2. This action is brought pursuant to 42 U.S.C. § 1983 and the First, Fourth and Sixth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3. Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide her New York state law claims of malicious prosecution and

vicarious liability which form part of the same case and controversy as her federal claims under Article III of the United States Constitution.

4. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because the City of New York is located in and subject to personal jurisdiction in this District and because the incident in question occurred in this District.

## NOTICE OF CLAIM

5. A notice of claim was duly filed with the City of New York within 90 days of the dismissal of the criminal charges filed against plaintiff, more than 30 days have elapsed since such filing and the City has not offered to settle plaintiff's state law claims.

6. The City conducted a 50-h hearing.

7. This action is brought within one year and ninety days of the dismissal of the criminal charges filed against plaintiff.

## PARTIES

8. Plaintiff is a resident of the State of New York.

9. The City of New York is a municipal corporation organized under the laws of the State of New York.

10. The individual defendants are members of the New York City Police Department ("NYPD").  The defendants were acting under color of state law and within the scope of their employment as members of the NYPD at all relevant times herein.

## STATEMENT OF FACTS

11. On December 22, 2011, at approximately 6:30 p.m., on the corner of Cruger Avenue and Lydig Avenue in the Bronx, plaintiff verbally questioned the defendants about their baseless stop and frisk of plaintiff's Godson, Justin Tejeda.

12. In response, the defendants, acting together, falsely arrested plaintiff, threw her down to the ground, pressed a knee into the back of her neck obstructing her breathing, twisted her right arm and wrist, and handcuffed her excessively tight.

13. Defendants then threw plaintiff into the rear of a police car and shut the door on both of her feet.

14. Plaintiff was taken to the 49th Precinct where she was searched by Yvonne Vizcarrondo who grabbed plaintiff by the cuffs and threw her onto the ground.

15. Defendants did not provide plaintiff with food or water in the precinct and subjected her to profanity.

16. While in police custody, plaintiff was taken to Jacobi Hospital for medical treatment.

17. In the 49th Precinct, defendants, acting in concert, falsely charged plaintiff with committing the offenses, Resisting Arrest, Obstructing Governmental Administration and Disorderly Conduct.

18. Plaintiff was eventually taken to Bronx Central Booking.

19. While plaintiff was held in Bronx Central Booking, defendants, acting in concert, misrepresented to prosecutors that plaintiff had committed the offenses, Resisting Arrest, Obstructing Governmental Administration and Disorderly Conduct.

20. Defendants assisted in the creation of a criminal court complaint charging plaintiff with the aforesaid offenses.

21. During plaintiff's arraignment, the presiding judge released plaintiff on her own recognizance.

22.	Plaintiff was maliciously prosecuted until February 28, 2013, when she was acquitted of all charges after a bench trial.

23.	Plaintiff suffered damage as a result of defendants' actions.  Plaintiff was incarcerated for approximately 24 hours and suffered a loss of liberty, emotional distress, fear, anxiety, sadness, embarrassment, humiliation, pain, lacerations, swelling, bruising, and other physical injuries, and loss of a social work internship at Pibly Residential Programs.

## FIRST CLAIM

### (FALSE ARREST UNDER FEDERAL LAW)

24.	Plaintiff repeats the foregoing allegations.

25.	At all relevant times, plaintiff did not commit a crime or violation.

26.	Despite plaintiff's innocence, the defendants arrested plaintiff.

27.	Accordingly, the defendants are liable to plaintiff under the Fourth Amendment for false arrest.

## SECOND CLAIM

### (UNREASONABLE FORCE)

28.	Plaintiff repeats the foregoing allegations.

29.	Defendants' use of force upon plaintiff was objectively unreasonable and caused plaintiff pain and injuries.

30.	Accordingly, the defendants are liable to plaintiff under the Fourth Amendment for using unreasonable force.

## THIRD CLAIM

### (DENIAL OF A FAIR TRIAL)

31.	Plaintiff repeats the foregoing allegations.

32. Defendants maliciously misrepresented to prosecutors that plaintiff had committed various crimes.

33. Defendants' misrepresentations deprived plaintiff of liberty.

34. Accordingly, the defendants are liable to plaintiff under the Sixth Amendment for denying her a fair trial.

## FOURTH CLAIM

### (MALICIOUS PROSECUTION UNDER FEDERAL LAW)

35. Plaintiff repeats the foregoing allegations.

36. Defendants maliciously misrepresented to prosecutors that plaintiff had committed various crimes and initiated a prosecution against her or played a role in initiating a prosecution against her.

37. Defendants' misrepresentations deprived plaintiff of liberty.

38. The criminal case filed against plaintiff was ultimately dismissed.

39. Accordingly, the defendants are liable to plaintiff under the Fourth Amendment for malicious prosecution.

## FIFTH CLAIM

### (VIOLATION OF RIGHT TO FREE SPEECH)

40. Plaintiff repeats the foregoing allegations.

41. Plaintiff exercised free speech during the incident.

42. Plaintiff's use of free speech was a motivating factor in defendants' decisions to violate her civil rights.

43. Accordingly, the defendants are liable to plaintiff under the First Amendment for violating her right to free speech.

5

## SIXTH CLAIM

### (FAILURE TO INTERVENE)

44. Plaintiff repeats the foregoing allegations.

45. Defendants had a reasonable opportunity to prevent the violations of plaintiff's constitutional rights, but they failed to intervene.

46. Accordingly, the defendants are liable to plaintiff under the First, Fourth and Sixth Amendments for failing to intervene to prevent the violation of plaintiff's constitutional rights.

## SEVENTH CLAIM

### (MALICIOUS PROSECUTION UNDER STATE LAW)

47. Plaintiff repeats the foregoing allegations.

48. Defendants maliciously misrepresented to prosecutors that plaintiff had committed various crimes and initiated a prosecution against her or played a role in initiating a prosecution against her.

49. The criminal case filed against plaintiff was ultimately dismissed.

50. Accordingly, the defendants are liable to plaintiff under New York state law for malicious prosecution.

## EIGHTH CLAIM

### (VICARIOUS LIABILITY CLAIM AGAINST CITY OF NEW YORK)

51. Plaintiff repeats the foregoing allegations.

52. Defendants were acting within the scope of their employment as members of the NYPD at all relevant times herein.

53. Accordingly, the City of New York is vicariously liable to plaintiff under New York state law for malicious prosecution.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

    a.    Compensatory damages in an amount to be determined by a jury;

    b.    Punitive damages in an amount to be determined by a jury;

    c.    Attorney's fees and costs;

    d.    Such other and further relief as the Court may deem just and proper.

DATED:    September 1, 2013

/s/

_____
RICHARD CARDINALE
Attorney at Law
26 Court Street, Suite # 1815
Brooklyn, New York 11242
(718) 624-9391
richcardinale@gmail.com (not for service)